UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON C. WILLIAMS, individually and on Behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) No. 4:15-CV-1469 RLW ) |
| v. | ) ) ) |
| TGI FRIDAY'S INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (ECF No. 13). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff Jason C. Williams ("Williams") alleges that Defendant TGI Friday's ("TGIF") violated the Telephone Consumer Protection Act ("TCPA") by using an Automatic Telephone Dialing System ("ATDS") to send text messages to his telephone, without his "prior express written consent." (Petition for Class Action Relief (hereinafter "Complaint" or "Compl."), ECF No. 6, ¶¶22-44). From time to time, TGIF markets its restaurants and makes offers via text messages to customers who affirmatively agree to receive them in connection with a customer loyalty and rewards program called the Give Me More Stripes ("GMMS") program. (Compl., ¶¶8, 19). Williams contends that TGIF sent text messages to him on or about March 14, 2014, at approximately 1:58 p.m.; March 21, 2014, at approximately 11:00 a.m.; May 5, 2014, at

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

approximately 2:19 p.m.; May 5, 2014, at approximately 3:15 p.m.; and May 23, 2014, at approximately 2:02 p.m. (Compl., ¶¶12-16). Williams alleges that TGIF sent these text messages *en masse* to Plaintiff and the members of the proposed class without prior express written consent. (Compl., ¶20). TGIF has moved to dismiss Williams' Complaint.

## DISCUSSION

### I.  Motion to Dismiss

### A. Standard for Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

### B. Discussion

TGIF claims that Williams' Complaint fails to state a claim for relief. (ECF No. 14 at 4-6). TGIF asserts that Williams "has not alleged his telephone number; he has not alleged why he believes that Defendant did not have the 'prior written consent' of the 'called party'; he has not alleged why he believes that Defendant used an ATDS [automatic telephone dialing system]; he has not alleged whether he or someone else viewed the text messages; and he has not alleged that he incurred any costs or sustained any other injury as a result of receiving the alleged text messages on his phone." (ECF No. 14 at 5). TGIF also asserts that Williams' theory of liability fails as a matter of law because Williams is challenging whether his enrollment in the GMMS program qualifies as a "signature" that satisfies the FCC's definition of "prior express written consent." (ECF No. 14 at 5 (citing Compl., ¶¶11, 30, 36)). TGIF maintains that the FCC's definition of signature includes an electronic or digital form of signature. (ECF No. 14 at 5-6). TGIF contends that the FCC has explained that electronic acceptance through text-messaging, key-pressing, and box-checking is sufficient. (ECF No. 14 at 6 (citing *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844, ¶¶32, 34 (2012)). TGIF further claims that the FCC's new "prior express written consent" requirement in 47 C.F.R. §64.1200(a)(2) is improper because the FCC was not interpreting or implementing the requirements of 47 U.S.C. §227(b)(2). (ECF No. 14 at 6-7).

In response, Williams asserts that he has alleged sufficient facts to maintain his claim. First, he has alleged that the text messages were sent *en masse*, which is sufficient to allege to that the messages were sent via an ATDS. (ECF No. 22 at 4-6). Likewise, Williams contends that he set forth sufficient facts establishing that TGIF did not obtain his prior express written consent before sending him text messages. (ECF No. 22 at 6-8). Williams notes that prior written consent is an affirmative defense and "generally, the existence of an affirmative defense will not

support a rule 12(b)(6) motion to dismiss for failure to state a claim." *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993). Williams states that he alleged in his Complaint that TGIF failed to comply with the "prior express written consent" requirement. (ECF No. 22 at 6-7 (citing Compl., ¶¶11, 20, 28, 30, 34)). Finally, Williams states that the Hobbs Act precludes this Court from determining the propriety of the FCC's regulations regarding the consent requirement. (ECF No. 22 at 8).

The Court holds that, at this early stage of litigation, Williams' Complaint states a claim for which relief can be granted under the TCPA. Williams alleged that text messages were sent *en masse* through ATDS use. The parties can perform discovery to determine if Williams' allegation is correct, but at this stage the Court assumes that it is true. Likewise, Williams has alleged that he did not give his prior express written consent to receive TGIF's text messages. Taking this allegation as true, the Court finds that Williams states a claim. Finally, the Court will not dismiss Williams' claims based upon TGIF's assertion that FCC's new "prior express written consent" requirement in 47 C.F.R. §64.1200(a)(2) is improper. Clearly the law in this area is in flux and the Court does not believe that dismissal would be proper at this point. However, as discussed below, the Court finds that a stay is warranted while this dispositive legal issue is decided.

## II. Motion to Stay

TGIF also asks this Court to temporarily stay this action in light of two pending appeals that concern potentially dispositive threshold legal issues. (ECF No. 14 at 8-15). TGIF claims that this Court may stay this action under the primary jurisdiction doctrine[2] or under its own inherent

---

[2] The primary jurisdiction doctrine "seeks to produce better informed and uniform legal rulings by allowing courts to take advantage of an agency's specialized knowledge, expertise, and central

authority to manage its docket. (ECF No. 14 at 8). On July 10, 2015, the FCC issued a Declaratory Ruling & Order regarding (among other things) what does and does not qualify as an ATDS. In the weeks that followed, a variety of businesses and organizations petitioned for review pursuant to the Communications and Hobbs Act, and many others moved to intervene. (ECF No. 14 at 9, n. 4, 5). On July 24, 2015, the Judicial Panel on Multidistrict Litigation centralized the petitions in the D.C. Circuit, which remains pending. (ECF No. 14 at 10, n.7). TGIF argues that this case should be stayed pending resolution of that appeal to determine what qualifies as an ATDS. (ECF No. 14 at 10-14). TGIF also argues that this case should be stayed pending the appeal from the decision in *Robins v. Spokeo, Inc.*, 742 F. 3d 409 (9th Cir. 2014), which concerns whether plaintiffs have standing if they allege an injury in law (*i.e.*, a statutory violation) but no injury in fact (*i.e.*, a resulting harm). TGIF maintains that this is such a case because Plaintiff has pleaded that text message recipients "can" be damaged by receiving text messages, but not that he specifically has been damaged. (ECF No. 14 at 14); *but see Hammer v. Sam's E., Inc.*, 754 F.3d 492, 500 (8th Cir. 2014) (holding that statutory damages were sufficient to allege a violation of the Fair and Accurate Credit Transactions Act).

Williams, on the other hand, states that this Court should deny TGIF's motion to stay because the Court has an obligation to exercise its jurisdiction. (ECF No. 22 at 8). Williams argues that a stay would result in undue delay because it may take more than a year for the D.C. Circuit to render an opinion, and that opinion might be challenged by the Supreme Court. (ECF No. 22 at 9-10). Further, Williams asserts that TGIF has failed to set forth any reason why a stay would be inequitable or impose a hardship, other than "potentially" dispositive issues in the

---

position within a regulatory regime." *Pharm. Research & Mfrs. of Am. v. Walsh*, 538 U.S. 644, 646 (2003); *see also Far East Conference v. U.S.*, 342 U.S. 570, 574 (1952).

instant case that are pending before the D.C. Circuit. (ECF No. 22 at 11-12). In contrast, Williams maintains that a stay would be "highly prejudicial" to him because it would hinder his ability to obtain relevant evidence and discovery potential witnesses. (ECF No. 22 at 12). Finally, Williams states that cases from this district and the Eight Circuit provide that a stay is unwarranted because Eight Circuit law is clear that "injury in law" confers Article III standing. (ECF No. 22 at 12 (citing *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 818-19 (8th Cir. 2015)).

The Court holds that a stay is warranted in this case. The Court notes that there is significant uncertainty regarding the TCPA's scope and application. The Court believes that Williams will not be prejudiced by a short stay to allow the courts to determine the ATDS requirements for a TCPA action. Further, the Court recognizes that the decision in the *Spokeo* case will be handed down by June 2016. (ECF No. 23 at 12). The Court finds that a stay of a few months is not unreasonable, given the important and dispositive nature of these decisions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (ECF No. 13) is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that this action is **STAYED** in its entirety and that that every ninety (90) days, beginning **July 12, 2016**, the parties shall advise the Court of the status of the appeals from the FCC's Declaratory Ruling and Order before the D.C. Circuit (ECF No. 14-14) and the appeal of *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014).

Dated this 12th day of April, 2016.

*[signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**